IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

                                                                                                          Criminal No. 15-0028

        Plaintiff,

   v.

RYAN BLUMLING,

        Defendant.

**MEMORANDUM ORDER**

Before the Court is Defendant's [Second] Motion to Reduce Sentence.  In this motion, Defendant asks this Court to reduce his prison sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and/or 18 U.S.C. § 3553(a).  ECF 56.  The premise for the instant motion is that Defendant's Residential Drug Abuse Treatment Program ("RDAP") has been suspended. The implications of the delay in the RDAP program on Defendant's term of imprisonment and his request for a reduction in his sentence will be explained in greater detail below.

Following his submission, this Court ordered counsel for the Government, counsel for the Defendant, and the Probation Office to confer regarding Defendant's Motion.  ECF 58.  As per the Court's Order, the parties submitted a status report on December 15, 2020, noting although the probation office "approved the Defendant's home plan" and "submitted a report to the parties[,]" the Government remained opposed to the Defendant's motion to reduce sentence. ECF 61.  Thus, no resolution could be reached.

The Government filed a response to Defendant's motion recommending that this Court deny Defendant's second request for a reduction in his sentence.  ECF 65.  Defendant filed his Reply.  ECF 68.  The matter is now ripe for adjudication.

**I. Standard of Review**

Defendant's request is predicated upon two different statutes, reading them in *pari materia*.

The first statute, 18 U.S.C. § 3582(c)(1)(A), allows this Court to reduce a term of imprisonment based on "extraordinary and compelling" circumstances, but only:

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]

18 U.S.C. § 3582(c)(1)(A). This statute is often referred to as the "compassionate release statute." The second statute, 18 U.S.C. §3553(a), describes the factors to be considered when sentencing a defendant. Both statutes impact a Defendant's imprisonment term.

The Court of Appeals for the Third Circuit explicitly noted that during the current COVID-19 pandemic, the Federal Bureau of Prisons ("BOP") has made "extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594 (3d Cir. 2020).

**II. Relevant Facts**

On April 24, 2015, Defendant pled guilty to four counts of mail fraud -- two counts were in violation of 21 U.S.C. § 1341, and two counts were in violation of 21 U.S.C. § 1343. On December 3, 2015, Defendant was sentenced to a term of imprisonment of 63 months at each of the four counts to run concurrently. The Parties concur that Defendant did not begin to serve his federal sentence until June 25, 2017, in connection with the federal mail fraud offenses.

Defendant, who is currently incarcerated at the Elkton FCI, was enrolled in the RDAP program in prison until this program was suspended due to the COVID-19 outbreak at Elkton

FCI.  His anticipated date of release according to the BOP website is August 28, 2021. [1]

https://www.bop.gov/inmateloc/  However, Defendant argues that if he had been able to complete the RDAP program, his projected date of release to a halfway house (referred to by the BOP as a residential reentry center) for the completion of his imprisonment term would be earlier.

The Government opposes Defendant's Motion arguing that Defendant's inability to complete the RDAP Program due to its suspension because of the risks posed by the program with respect to contracting COVID-19 does not rise to the level of "extraordinary and compelling" reasons warranting a compassionate release.

**III. Discussion**

As noted above, this Court may modify Defendant's sentence (to either a sentence of time served or a sentence of time served with an additional modification to his supervised release terms to include a period of home confinement), if, "upon motion of the defendant . . . after considering  the factors set forth in section 3553(a) to the extent that they are applicable,  . . . [the Court] finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C.A. § 3582(c)(l)(A)(i).

 In order to grant a modification of Defendant's sentence pursuant to Section 3582(c)(1)(A), Defendant must provide this Court with the "extraordinary and compelling reasons" which support a reduction to his sentence.  The definition of "extraordinary and compelling reasons" is set in United States Sentencing Guidelines, § 1B1.13.  Subdivision (D) of this same section provides:

> (D) Other Reasons. – As determined by the Director of the Bureau

---

[1] The Government contends that Defendant is actually slated for "potential release" in March of 2021 "pending arrangements with an appropriate residential treatment facility" that will offer Defendant drug treatment and other classes for 6 months before releasing Defendant to a home environment.  ECF 65, p. 9.

>of Prisons, there exists in the defendant's case an extraordinary
>and compelling reason other than, or in combination with, the
>reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 app. note 1.

Turning to the instant matter, Defendant's premise as set forth in his second compassionate release motion can be summarized as follows:  But for the COVID-19 outbreak, Defendant would have been able to complete the RDAP Program thereby enabling him be released from federal prison to a halfway house.  Defendant cites two cases from the United States Court for the Western District of Pennsylvania in support of his argument:  *United States v. Sperry*, 18-cr-00121 (W.D. Pa. Sep. 10, 2020) and *United States v. Smith*, 09-cr-00187 (W.D. Pa. July 20, 2020).

The Government argues that Defendant's motion should be denied primarily for two reasons: first, because Defendant failed to exhaust his administrative remedies; and second, because Defendant's inability to complete the RDAP program and reap the benefits of doing so are (a) too tenuous, and (b) not unique to him.  Stated differently, the Government argues that there is no indication that Defendant would have successfully completed the RDAP if the program had not been suspended thereby entitling him to be released to a reentry center earlier than anticipated; and "thousands of [other inmates] across the institutions maintained by the BOP are similarly situated relative to disruptions caused by COVID." ECF 65.  Thus, the Government contends that Defendant fails to meet the standard necessary to prove entitlement for compassionate release.

Turning first to Defendant's argument, the Court begins by noting that the two Western District Court cases cited by Defendant are instructive, but not binding on this Court.  To that end, the Court's review of those cases shows some glaring factual differences.

First, in *United States v. Sperry,* the BOP had already referred Defendant for consideration for home confinement, and Defendant produced evidence of a serious medical condition which the CDC recognized as a condition which (at that time) placed a person at increased risk for severe illness due to COVID-19.  Defendant in the instant case has not been referred by the BOP and has produced evidence of a serious medical condition recognized by the CDC as one which places him at increased risk for severe illness.  Thus, the outcome of the *Sperry* decision turned on those facts as well as defendant-Sperry's inability to complete the RDAP program.

Second, *United States v. Smith* is also factually dissimilar to the instant case.  In *Smith,* the defendant's projected release date was September 13, 2022 but due to his acceptance into the RDAP program his release date would move up by one year.  *Smith*, 09-cr-00187 (ECF no. 204). While defendant-Smith was *en route* to Montgomery, Alabama, the COVID-19 epidemic struck, causing him to remain at FTC-Oklahoma which halted his transfer to Montgomery and his ability to participate in the RDAP program there.  Id.  In addition, defendant-Smith was described by the Court as a "model inmate" in that he had been subject to any disciplinary matters and was identified by the BOP as "minimum security" level and a "low risk recidivism level."  Id. Finally, the Court recognized that during incarceration period, defendant-Smith "devoted his time during incarceration to educating himself" by completing an Automotive Service Excellence ("ASE") courses in transmission, brakes, suspension / alignment, electrical systems, engine performance, and auto engine rebuild and he also completed a 210-hour welding certificate program and taken courses in accounting, financial planning, and business law.  Id.

Turning to the instant matter, Defendant here, had been accepted into the RDAP program once before during this same incarceration period, but in a pre-COVID era, and was expelled

from the program when he was found in possession of suboxone. At some point intime later, he was re-enrolled in the RDAP program, which was suspended due to COVID-19, but there is no way to know if Defendant would have successfully completed the program this second time around. Thus, Defendant here is easily distinguishable from the model inmate, Defendant-Smith.

The Government also raises a valid point – there are "thousands of inmates" across the federal prison system who were at various stages of completing the RDAP program. Defendant's sole reliance on the fact that he may not get to complete the program before his release date to accelerate that release date does not, in and of itself, create a necessary and compelling reason to reduce Defendant's sentence. Accordingly, for all the above stated reasons, the Court hereby DENIES Defendant's Motion for Reduction of Sentence (ECF 56).

SO ORDERED this 13th day of February, 2021.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All ECF Registered Counsel of Record